UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHU T. TRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1591 CDP |
| ) | |
| ROCK-TENN SERVICES, INC. ) | |
| d/b/a ROCK-TENN CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Phu Tran's motion for leave to file a second amended complaint. Tran seeks leave to add allegations that Rock-Tenn reached a consent decree with the EEOC in 2012, which enjoined Rock-Tenn from permitting the existence of a racially hostile work environment and required anti-discrimination training for all of Rock-Tenn's employees. Rock-Tenn opposes this motion on the grounds that the proposed amendment is futile and unfairly prejudicial. Because I find that Rock-Tenn fails to meet its burden of establishing futility or prejudice, I will grant Tran's motion to amend.

Tran alleges that he was discriminated against based upon his race, religion, gender, and national origin and retaliation. His complaint states that his employer, Rock-Tenn, fostered a hostile work environment against him from 2010 through January 2013, when it ultimately discharged him from their Missouri facility based upon the above impermissible factors. Tran's first amended complaint corrected

the name of the defendant.  Before this court's Rule 16 scheduling conference, Tran sought leave to amend his complaint for a second time, this time adding allegations that in December 2012, Rock-Tenn entered a consent judgment with the EEOC related to racial discrimination in its Texas plant.

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation marks and citation omitted).  The party opposing the amendment has the burden of demonstrating the amendment would be futile or unfairly prejudicial.  *See Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).  Where leave is required, there is no absolute right to amend.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  Whether to grant a motion for leave to amend is within the discretion of the Court.  *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Rock-Tenn argues that the proposed amendment is futile because the Texas consent decree is irrelevant to Tran's claims of discrimination at the Missouri facility and any evidence as to that decree will be inadmissible.  Rock-Tenn also argues that including allegations of the decree in the complaint will be prejudicial because of the potential confusion to a jury.  However, Rock-Tenn notes that it "is

not arguing that Plaintiff is precluded from contending that the consent decree is admissible as evidence in this case."

Leave to amend should be denied on the merits for futility "only if it asserts clearly frivolous claims or defenses." *Gamma-10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994) (internal quotation marks and citations omitted). Having carefully considered the proposed amendment in light of the relevant standards, I find that Rock-Tenn has failed to meet its burden of showing that it would be legally futile to allow Tran to file his proposed second amended complaint. Although it is unclear whether Tran will ultimately prevail on the claims asserted in his proposed second amended complaint, this is not the appropriate stage of the litigation to make such a determination. Likewise, the ultimate prejudice of the consent decree for irrelevancy cannot be gauged in a vacuum. Rock-Tenn will have the opportunity to seek exclusion of evidence in its motions in limine.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for leave to file second amended complaint [# 14] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2013.